No. ——

First Circuit

——

DE RIDDER GRO. CO. v. CLARKE

——

(June 28, 1927. Opinion and Decree.)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 79, 82; Mandate—Par. 74, 78.**

Where a contract between a creditor and a collection agency contains the words "assigned" and "subject to discretion," these words have reference to payments or settlements which would be realized by the adjustment company as a collection agency, but does not give them authority to accept 25% of the amount of a judgment against the debtor in full settlement of the claim.

2. **Louisiana Digest—Alienation—Par. 16, 19; Mandate—Par. 74, 78.**

Where a letter from a creditor to an adjustment company clearly denies it the right to settle a claim for 25% of the amount due, an assignment by the company on that basis is null and void under Article 2452 of the Civil Code and gives no right to the assignee to give a full receipt to the judgment creditor on collecting the 25% from him.

3. **Louisiana Digest — Mandate — Par. 47, 48, 52; Judgment—Par. 1.**

Under Code of Practice, Article 548, a judgment is property and, under Articles 2996 and 2997 of the Civil Code, the power to alienate it must be special and express.

Appeal from Calcasieu Parish. Hon. Thomas Porter, District Judge.

Action by De Ridder Grocery Company against Varice Clarke.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Ped C. Kay, of De Ridder, attorney for plaintiff, appellee.

Griffin T. Hawkins, of Lake Charles, attorney for defendant, appellant.

MOUTON, J.    March 14, 1919, plaintiff company, on confirmation of default, obtained a judgment against defendant for $942.52, with legal interest from August 1, 1919.    February 1, 1924, it placed this judgment in the hands of the United States Commercial Adjustment Company for collection.   In the contract of agency between plaintiff and the said commercial agency, in a corner, at the beginning of the agreement and in print, is found the following provision:

"The following correct and unpaid claims due us are assigned to you in consideration of the services to be rendered, subject to your discretion in settlement, and in accordance with terms printed on the back hereof; and remit commissions on the day payment or settlement is made."

It is proper to say here that the terms printed on the back of the contract make no changes or modifications in the power thus conferred on the adjustment company.

It is true that in this printed authority to the adjustment company, the words, "unpaid claims due us are assigned," are used; also these, "subject to your discretion"; but then following the words, "in settlement"; and then this clause of the contract says: "and we agree to report and remit commissions on the day payment or settlement is made".   Although the word "assigned" as to unpaid claims is used and "subject to discretion," we think that they have reference to payments or settlements which would be realized by the adjustment company as a collection agency.

The record shows that a letter was written by the adjustment company to plaintiff herein on April 11, 1924, in which it says, that after having had considerable correspondence with Clarke, defendant, he was willing to pay one-quarter of the entire claim in full settlement.   The adjustment company said in the letter, we "would suggest that you accept his proposition"; also said: "If you accept said amount, kindly forward judgment covering same".   In a letter to the adjustment company by plaintiff, of date April 14, 1924, in answer to the former's letter of April 11, plaintiff said, in part, that they were surprised the adjustment company had suggested an acceptance of a settlement on a 25 per cent basis in settlement of their account.   Further in the letter, plaintiff said: "You can just as well get settlement for 50 per cent and this we will agree to accept".   This letter from plaintiff carried a clear refusal to allow the settlement suggested by the adjustment company.   In a reply to the letter of the 14th by plaintiff, the adjustment company wrote another letter dated April 17, in which it says that it could not secure a settlement at 50 per cent; and says therein that a third party interested in Clarke, defendant, offered a settlement at 25 per cent.   Again, the adjustment company advises a settlement on that basis, and in conclusion writes "that if the same meets with your approval we would appreciate your forwarding to us all the

papers covering this account". It is evident from these letters of the adjustment company that it did not consider itself an assignee with the discretionary power to accept a settlement upon any basis, however disproportionate to the amount of the judgment. There can be no doubt that plaintiff never intended to confer such authority, and in which the adjustment company fully concurred, if we are to be guided by its own construction of the contract as appears from its own letters. Notwithstanding all of that, the adjustment company sold this judgment to H. C. Craft for $235.50, on May 24, 1924, on about a 25 per cent valuation, a little over a month after plaintiff had refused its approval of a settlement on that basis. This amount of $235.50 was paid to Craft by defendant, Clarke, who got from Craft a full receipt for the judgment. Plaintiff, in these proceedings, obtained the issuance of a fi fa on his judgment of $942.32, which it had obtained against defendant, who obtained a preliminary injunction restraining the execution of the writ. The court recalled the preliminary restraining order, and dismissed the rule. A judgment is property. C. P. 548. The power to alienate or sell must be special and express. C. C. 2996, 2997. There was no such power given by plaintiff to defendant under the provision of the contract above quoted. Besides, as appears from the letters above referred to, the authority granted the adjustment company was so construed by it and plaintiff company. As the adjustment company had no power to sell; the sale to Craft was null; and so was the payment to Craft by Clarke, defendant. For the foregoing reasons the judgment is affirmed.

ELLIOTT, J., concurring.

The word "assigned", used in the agreement, has reference in this instance to an appointment, designation. Taking into account all that is said in the agreement, it is plain and obvious that United States Commercial Adjustment Co., Inc., did not have the power thereunder to sell the judgment. The power to sell must be express and special. Civil Code, Articles 2996 and 2997. The sale of a thing belonging to another, without authority and not ratified, is null. Civil Code, Article 2452. The sale to Craft was therefore null and he had no authority to settle with Clarke, nor grant him the discharge which he pleads.